Case No. 14-11795

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

―――――――――――――――――

**MALIBU MEDIA, LLC,**

Plaintiff-Appellee,

v.

**LEO PELIZZO**

Defendant-Appellant.

―――――――――――――――――

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

―――――――――――――――――

## RESPONSE IN OPPOSITION TO APPELLEE'S MOTION FOR
## ATTORNEY'S FEES AND COSTS

―――――――――――――――――

Francisco J. Ferreiro
MALLOY & MALLOY, P.L.
2800 SW 3rd Ave
Miami, Florida
Tel: (305) 858-8000
Fax: (305) 858-0008
*Counsel for Appellant*

Appellee, Malibu Media, LLC ("Malibu Media"), has petitioned this Court for an entry of sanctions against the undersigned and an award of the attorneys' fees and costs incurred in defending this appeal. In support thereof, Malibu Media's counsel contends that each of the arguments advanced by Defendant-Appellant ("Defendant") is frivolous and entirely without merit in light of "established law, clear facts on the record, and a proper evaluation of same in the district court." Defendant responds as follows:

### A. The Undersigned has not Behaved Unreasonably or Vexatiously.

Malibu Media's counsel contends that the undersigned's decision to appeal the lower court's ruling was unreasonable, vexatious, and "so egregious that it is tantamount to bad faith." *See Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010)(providing the standard for evaluating "bad faith.")  In doing so, he offers the follow synopsis of the underlying action:

> "[A] call and e-mail advising Defendant's counsel not to spend money have turned into lengthy and vexatious proceedings before the district and appellate levels of this Circuit that are a complete waste of the parties', attorneys', and the court's time and resources." [Motion p. 12]. [1]

Of course, shortly after offering this "advice", Malibu Media opposing Defendant's Motion to Dismiss in a response accusing Mr. Pelizzo of downloading

---

[1] It bears noting that Malibu Media raised no objection regarding the undersigned's conduct with the District Court and did not appeal the sanctions against him entered pursuant to 28 U.S.C. §1927.

six (6) additional works. *See* [DE #9]. Nevertheless, opposing counsel's description of the underlying action is surprisingly apt. Which begs the question: why -- as the only party capable of unilaterally dismissing the proceeding – did he spend the next six-months wasting *"the parties', attorneys', and the court's time and resources"* by pursuing his action against Mr. Pelizzo while making no effort to investigate the on-going infringement?

Defendant has, at all times, relayed his willingness to settle upon reimbursement of his legal fees. This offer was re-iterated during the mediation conference held prior to the filing of Appellant's brief. The conference drew to a pre-mature close after opposing counsel responded by noting he would pay only what was obligated by the judgment entered against him under 28 U.S.C. §1927. Defendant's unwillingness to absorb the fees and costs arising out of Malibu Media's reckless refusal to properly investigate its claims is hardly unreasonable. The same cannot be said for Malibu Media's counsel who, eight (8) months into the action, advised the undersigned to *"counsel [your client] that when he loses, he will lose everything he owns and owe my clients hundreds of thousands of dollars."* See [DE# 41-2]. In short, Malibu Media's unwillingness to entertain reasonable compromise is the sole reason for the pendency of this dispute and the escalation of Defendant's fees.

Malibu Media's failure to conduct *any* investigation into the on-going

infringement seems to have escaped the lower court's attention. It should not escape this Court's attention. Malibu Media does not dispute that its only evidence against Mr. Pelizzo was based on the results of IP investigation purportedly identifying him as the accountholder of the internet connection using an IP address at the time an infringing download occurred on February 6, 2012. See [DE#1-2]. Because IP addresses are routinely re-assigned to different account, any typographical error in entering either the numerical IP address or the date of an infringing download during this investigation would results in a misidentification. [DE #38-1, p.71 lns-13-25 – p.72.] Yet, after receiving evidence suggesting Mr. Pelizzo had been misidentified, Malibu Media declined to request a second IP investigation. In fact, Malibu Media *never* conducted any further investigation at all into the infringement during the seven (7) months it declined to dismiss its action.

Instead, despite having filed over 2,000 lawsuits based on IP investigations, Malibu Media decided – in lieu gathering evidence – to schedule a deposition of Mr. Pelizzo's Internet Service Provider "to determine *if it would be possible* to identify the infringer". [DE#47-6, at ¶9.] Moreover, after receiving a document stating that "the current user of the IP in question is not Mr. Pelizzo", he chose to cancel and postpone this deposition by citing a scheduling error. *Cf.* [DE #38-2 at p.2, ¶O*] with* [DE #22, ¶2-3]. The record shows that Malibu Media's counsel was aware that Internet Service Providers only retained the information needed to correlate an IP

address to a person at a given time for a very limited amount of time. *See, e.g.,* [DE #1-4, ¶11 and DE#13-1 at ¶5.]  And, more specifically, that the Defendant's Internet Service Provider only retained subscriber records for <u>two (2) months.</u> [DE#38-1, p.27 lns. 15-16, p. 75 lns 10-22].   Malibu Media's counsel has yet to explain why, in light of the foregoing, he chose to cancel and re-schedule the deposition for a date that was *exactly* two months outside of the date the infringement finally stopped.

### B. Defendant's Arguments on Appeal Do Not Lack Merit.

Malibu Media also argues that Defendant's arguments on appeal are frivolous and entirely without merit in light of "established law, clear facts on the record, and a proper evaluation of same in the district court."  While this issue is best addressed by the Appellant's Brief and Reply Brief, Defendant provides the following abbreviated response.

#### 1. The Court's Failure to Address the Copyright Act's Interest.

Defendant's appeal was filed, in part, due to the lower court's failure to assess the *Fogerty* factors in tandem with Copyright Act's interests.   *See e.g., Mitek Holdings, Inc. v. Arce Engineering Co., Inc*., 198 F.3d 840, 843 (11th Cir. 1999)(vacating a district court's order that "did not assess whether imposition of attorney's fees would further the goals of the Copyright Act.")  Malibu Media does not cite any portions of the court's decision that weigh against Defendant's position.  Instead, Malibu Media argues that the court's consideration of these policy interests

should be "implied" from its discussion of the "reasonableness" of Plaintiff's tactics. [Appellee's Motion, p.4, "*the district court specifically found Plaintiff's litigation position to be reasonable, thus making an award of fees under § 505 contrary to the purposes of the Copyright Act.*"]   Ironically, Malibu Media uses this *same* logic to defend the omission of critical facts from the court's discussion of the "reasonableness" factor. [Appellee's Response, p.9, arguing the court "*implicitly considered whether Malibu Media had a reasonable belief that Pelizzo accessed its works at the time it filed its complaint.*"]   In short, Malibu Media suggests the court's consideration of the Copyright Act's interests can be inferred from an assessment of reasonableness whose rigorousness should, in turn, be inferred from its assessment of a motion to dismiss.   This logic is clearly problematic.

   Moreover, the fact that Malibu Media must resort to "inferences" to explain what may or may not have been considered in denying Defendant's award is – alone – enough to suggest the lower court abused its discretion.  See,e.g., *Peer v. Lewis*, 606 F.3d 1306, 1312-16 (11th Cir. Fla. 2010) ("nothing in the record indicates the district court thoroughly analyzed Rosenbaum's conduct to determine whether that conduct merited the imposition of sanctions" ); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 638 (11th Cir. Fla. 2010) (noting that the district court's denial of a motion for sanctions "provides no explanation of the basis for its ruling and does not include the specific findings the PSLRA requires.").   Furthermore, even if a

thoroughly reasoned analysis of the *Fogerty* factors would be incomplete unless the court also explained how its decision would promotes the interest of the Copyright Act. The gaps in the court's analysis become sharper when compared to the reasoning employed in §505 decisions that have been affirmed by this Court. *See, e.g., Indyne, Inc. v. Abacus Tech. Corp.*, 2013 U.S. Dist. LEXIS 185422 at *40 (finding that "assuring that plaintiffs asserting copyright claims have producible evidence . . . before asserting their copyright claims furthers the purposes of the Copyright Act", *affirmed by*, *Indyne, Inc. v. Abacus Tech. Corp.*, 513 Fed. Appx. 858 (11th Cir. Fla. 2013)(based on the "thorough and well-reasoned opinion of the district court."). The fact Malibu Media's prolific litigation has begun to shape the copyright landscape makes the lower court's failure to address the Copyright Act's interests – as well as its failure to assess Malibu's actions in relation to the Copyright Act's limiting doctrines -- are particularly troubling. *See, e.g., Bridgeport Music, Inc. v. Lorenz*o, 255 F. Supp. 2d 795, 798-99 (M.D. Tenn. 2003)(noting "[t]he plaintiffs' failure to weed out stale claims [suggested] that these claims remain for the sole purpose of extracting a settlement based on the cost of litigating further. This is not an objective to be promoted under the Copyright Act; to the contrary, the Court sees an opportunity here to deter further misuse of the Court's resources and encourage the prompt dismissal of clearly stale claims in the hundreds of Bridgeport cases that

remain before this Court."), affirmed by *Bridgeport Music v. Diamond Time*, 371 F.3d 883, 895 (6th Cir. 2004).

### 2. The Court's Failure to Consider the Prevailing Party Presumption.

Defendant has also argued that the lower court failed to account for the "strong presumptive entitlement" conferred on a prevailing party seeking its attorneys' fees under Section 505. Malibu Media counters that this argument is frivolous because "a cursory review of decisional law on this subject should have alerted Defendant of the fact that his presumption argument is contrary to the state of the law." [Motion p.9] The law offered in support of this statement raises the disturbing possibility that opposing counsel's legal positions may, quite literally, rely solely on "cursory reviews of decisional law".

For instance, Malibu Media offers the following sweeping generalization:

> "[Defendant's] argument ignores the clear weight of decisional authority on the issue, in which courts in every Circuit save the Seventh Circuit – and including the Eleventh Circuit – have held that no presumption in favor of copyright defendants exists."

Malibu Media appears to have based its assessment of the law in "every Circuit" on a misreading of a single, unpublished decision from Middle District Court of Florida. *See Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 2011 U.S. Dist. LEXIS 141246 at \*16-17. In *Klein*, the "presumption" had been raised by a

"plaintiff/counter-defendant" relying solely on Seventh Circuit precedent to support the existence of a "presumption". *See id.* at *16-17. The court did not reject the theory's application; but, instead, pointed out that the decision was not precedential.

By contrast, the Defendant's brief has directed the Court's attention to various decisions adopting this presumption rendered by district courts in the Eleventh Circuit – including one decision which was affirmed by this Court. *See Indyne, Inc. v. Abacus Tech. Corp.*, 2013 U.S. Dist. LEXIS 185422 (M.D. Fla. Dec. 6, 2013)(stating that "[w]hen the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. Without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights.), *affirmed by*, *Indyne, Inc. v. Abacus Tech. Corp.*, 513 Fed. Appx. 858 (11th Cir. Fla. 2013). Malibu Media's failure to discuss the foregoing, coupled its misleading representation of its own case law, reveals who is actually to blame for the "unreasonably multiplying proceedings." See 11th Cir. R. 27-4 (governing sanctions for filing a frivolous motion.)

### 3. **Plaintiff Misleading Characterizations of Defendant's Arguments.**

Finally, Malibu Media contends that Defendant frivolously argues that "the District Court erred by *considering* factors such as 'frivolousness' and 'bad faith.'" A portion of Malibu Media's motion is, therefore, devoted to a spirited defense of the

undisputed proposition that "frivolousness" and "motivation" are two of the *Fogerty* factors. There's one problem. This argument does not appear in Defendant's brief. Rather, Defendant contends that the lower court erred in treating "bad-faith" as a determinative factor in its analysis. Moreover, a comparison of the lower court's §1927 analysis with its §505 analysis reveals that any evidence that *was* found to constitute bad faith for the purpose of §1927 was improperly discounted it the §505 analysis. Malibu Media makes no attempt to address this argument or the cases cited in support thereof. *See, e.g., Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982)("a showing of bad faith or frivolity is not a requirement of a grant of fees.""); *Casella v. Morris*, 820 F.2d 362, 366 (11th Cir. Fla. 1987)("Section 505 does not condition an award of fees on the showing of a willful[ness] or frivolous suit.") Malibu Media's failure to accurately characterize Defendant's arguments calls its motive for bring this claim into question. See 11th Cir. R. 27-4 (governing sanctions for filing a frivolous motion.)

    4. **<u>The Court's Reliance on Clearly Erroneous Findings of Facts</u>**

Finally, Malibu Media argues that Defendant's claims regarding the lower court's assessment of the record are frivolous. Malibu Media does not dispute anything in the Defendant's statement of facts; but, instead, contends Defendant's appeal is frivolous simply because the lower court's analysis was correct. Rather

specifically arguing against Defendant's basis, Malibu Media supports its position with generalities like:

> "Defendant's argument fails because the record demonstrates that the district court pled a plausible claim for copyright infringement, and in doing so, implicitly considered whether Malibu Media had a reasonable belief that Pelizzo accessed its works at the time it filed its complaint."

Malibu Media's also contends that "Pelizzo does not explain how the district court's ruling was incorrect, or otherwise would have changed the outcome of the fee award".  As Malibu Media provides no specifics, the content of Defendant's Brief should be sufficient to undermine this claim.  Finally, Malibu Media contends that portions of Defendant's arguments are untimely.   Specifically, it contends that Defendant failed to inform the underlying court that a copyright plaintiff must – in the absence of direct evidence of copying – provide evidence of a defendant's "access" to the work.  This is erroneous for two reasons.   First, Plaintiff's failure to provide adequate evidence of Mr. Pelizzo's access was addressed in Defendant's first filing with the court, as well as its last. More importantly, however, elements of a copyright claim – such as "access" -- present questions of law that are review *de novo.   See MiTek Holdings v. Arce Eng'g Co*., 89 F.3d 1548, 1554 (11th Cir. Fla. 1996) (discussing the access requirement);  *Worthington v. United States, 21 F.3d 399, 400 (11th Cir.1994)(*"Finding that the district court was clearly erroneous in discounting Worthington's spatial disorientation and concluding that the controllers'

negligence did not contribute to that disorientation, we move forward to apply the law to the facts *de novo.")*; Furthermore, the abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions. *United States v. Smith*, 289 F.3d 696 (11th Cir. Fla. 2002) (quoting *Koon v. United States*, 518 U.S. 81, 100 (U.S. 1996).); *United States v. Browne*, 505 F.3d 1229, 1250 (11th Cir. Fla. 2007) ("we review de novo both the interpretation of statutes and challenges to the sufficiency of evidence"); *Lincoln v. Board of Regents,* 697 F.2d 928, 938-39 n. 13 (11th Cir. 1983)(noting that in cases in which legal error taints the fact-finding process, factual findings may be given de novo review.)  This, like Malibu's other claims, this argument lacks merit.

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests that this Court deny Malibu Media's request for fees.

## CERTIFICATE OF SERVICE

I certify that on October 6, 2014, I electronically filed the Appellant's Response to Appellee's Motion for Attorney's Fees and Costs with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

M. Keith Lipscomb
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131

/*s/Francisco J. Ferreiro*

Francisco J. Ferreiro
Florida Bar No. 37,464