[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11795
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22768-PAS

MALIBU MEDIA, LLC,

Plaintiff - Appellee,

versus

LEO PELIZZO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 26, 2015)

Before JULIE CARNES, FAY, and COX, Circuit Judges.

PER CURIAM:

This is an attorney's fees dispute arising out of copyright infringement litigation.  The underlying case ended when the district court dismissed with prejudice the infringement claims that the Plaintiff, Malibu Media, LLC ("Malibu"), asserted against the Defendant, Leo Pelizzo ("Pelizzo").  (DE40).  Pelizzo moved for prevailing-party fees under the Copyright Act, 17 U.S.C. § 505, and vexatious-litigation fees under 28 U.S.C. § 1927.  The magistrate judge issued a report and recommendation, recommending that Pelizzo receive fees and costs in the amount of $6,815.50 under Section 1927, but no prevailing-party fees under the Copyright Act. (DE53).  Pelizzo timely filed objections with the district court.  After considering and overruling each of Pelizzo's objections, the district judge adopted the report and recommendation without change.  (DE58).  Pelizzo appeals, challenging only the district court's failure to award him prevailing-party fees under the Copyright Act.  We have jurisdiction and we affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

As necessary to resolve this appeal, the facts and procedural background can be summarized briefly.  Malibu claimed in a Complaint filed on July 27, 2012, and served on Pelizzo on September 5, 2012, that Pelizzo was infringing Malibu's copyright to a number of films by repeatedly downloading them through an internet protocol address.  The address was allegedly assigned to Pelizzo by Hotwire Communications, the internet service provider to a 700-unit condominium

complex in which Pelizzo owned a unit.  The unit was not his residence.  Pelizzo

denied the facts giving rise to the claim.  After a March 13, 2013, Rule 30(b)(6)

deposition of Hotwire, Malibu was persuaded that its allegations probably could

not be proved and offered to dismiss the lawsuit with prejudice.  Pelizzo's counsel

responded that it would agree to a dismissal, but only if Malibu paid the $17,500 in

attorney's fees his client had incurred.  Malibu's counsel responded with what he

admits was a "knee-jerk" e-mail promising to continue the case against Pelizzo.

By copy of the e-mail, Malibu's counsel directed his paralegal to prepare written

discovery, which was immediately served on Pelizzo and was later withdrawn.

Malibu also asked for dates for Pelizzo's deposition.

At an April 4, 2013, mediation, the only issue negotiated was fees owed

Pelizzo.  Malibu again informed Pelizzo's counsel that it would be dismissing the

case.  On April 11, Malibu offered to pay Pelizzo $13,000 for his attorney's fees.

Pelizzo's counsel rejected the offer because, according to him, fees incurred by his

client now were at $24,000, rather than the $17,500 figure following the March

Hotwire deposition.  Malibu moved to dismiss with prejudice anyway, and the

district court granted the motion on June 4, reserving Pelizzo's right to seek

attorney's fees and costs.

## II. CONTENTIONS OF THE PARTIES
## AND STANDARD OF REVIEW

Pelizzo contends that the district court improperly failed to award him fees as a prevailing party under the Copyright Act, 17 U.S.C. § 505.[1]  This statute authorizes an award of attorney's fees to a prevailing party.  The amount of fees is determined in the court's discretion and in accordance with the "*Fogerty* factors." *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023 (1994).  We review the district court's award for an abuse of discretion, *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999), and reverse only if the district court has made a "clear error in judgment."  *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001).

## III. DISCUSSION

We find no abuse of discretion in the district court's conclusion under Section 505 and *Fogerty* that Malibu's subjective motivation for filing suit was not improper or that the suit was not frivolous, the first two *Fogerty* factors.  To whomever the subject IP address was subscribed, it is undisputed that a genuinely phenomenal number of films was being downloaded using it.  Malibu tried to contact Pelizzo before filing suit, offered to run the problem to ground informally before instituting extensive discovery, and never made a monetary demand upon

---

[1] Pelizzo contends that the district court based its Copyright Act fee denial on clearly erroneous findings of fact.  We have reviewed the record and find this contention to be without merit.

him.  Because of the nature of the films, Pelizzo justly was ashamed to be a part of the litigation, but the magistrate judge found no record evidence that Malibu sued him for that reason, and Pelizzo has not presented any such evidence.  Using detection methods it had used hundreds of times before, Malibu determined that the IP address apparently assigned to Pelizzo was the vehicle for the infringements and acted accordingly.

We also find no abuse of discretion in the district court's conclusion that Malibu, up to a point, acted in an objectively reasonable manner and in a manner that served the purposes of the Copyright Act: compensation and deterrence.[2] Contrary to Pelizzo's assertion, Malibu could not have been expected simply to take his word for the fact that he had not infringed Malibu's copyrights, given the substantial evidence implicating Pelizzo.

As for considerations of compensation and deterrence, we evaluate those factors as "inextricably intertwined" with the reasonableness and frivolity of Malibu's claims.  If Malibu's claims were properly brought and properly maintained, then they properly served the purposes of the Copyright Act.

---

[2] We say "up to a point" because the district court evaluated Malibu's liability for vexatious-litigation fees under 28 U.S.C. § 1927 beginning after the "knee-jerk" email sent by Malibu's counsel.

## IV.  CONCLUSION

We find no abuse of discretion in the district court's decision to deny Pelizzo

prevailing-party Copyright Act attorney's fees.

AFFIRMED.[3]

---

[3] We deny Malibu's motion for attorney's fees filed in this court under Fed. R. App. P. 38 and 28 U.S.C. § 1927 for having to defend Pelizzo's appeal. While we affirm the district court's order denying Pelizzo's request for prevailing-party fees under the Copyright Act, his appeal is not frivolous.